UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

SESA, INC.,

                              Plaintiff,

                -v-

TERRAFINA, et al.,

                         Defendants.

----------------------------------------------------------------------X

|  |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: _10/30/2020_ |

20-cv-1265 (LJL)

<u>OPINION AND ORDER</u>

LEWIS J. LIMAN, United States District Judge:

Defendants Frunut Global LLC ("FGL") and Engin Yilmaz ("Yilmaz") (collectively, "Moving Defendants") move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the amended complaint against them.

For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This is an action involving claims of breach of contract, account stated, quantum meruit, unjust enrichment, promissory estoppel, and violations of the New York Debtor and Creditor Law ("NYDCL"). *See* Dkt. No. 30 ("Amended Complaint" or "AC"). Plaintiff Sesa, Inc. ("Sesa") is a foreign corporation, engaged "in the business of manufacturing paper coated and laminating packaging and containers for the food industry." *Id.* ¶ 2. Defendant Terrafina, LLC ("Terrafina") is a New York corporation engaged in the manufacture of healthy foods such as nuts, trail mixes, and dried foods. *Id.* ¶ 3.

Between November 2017 and December 2018, Terrafina contracted with Sesa for Sesa to manufacture, sell, and deliver to Terrafina paper coated and laminating packaging and containers

for Terrafina's nuts, trail mixes, and dried fruits at the price of $244,154.28. *Id.* ¶ 11. Payment was due within sixty days of receipt of the packaging materials by Terrafina. *Id.*

The packaging materials were delivered to Terrafina and Terrafina was invoiced for such materials in the total amount of $244,154.28 through 11 invoices issued between November 2017 and December 2018. *Id.* ¶ 13. Terrafina failed and refused to pay for the packaging materials in the amount of $244,154.28, which remains due and owing. *Id.* ¶¶ 14, 17.

FGL is alleged to be the alter-ego/successor to Terrafina. *Id.* ¶ 7. It is a Pennsylvania corporation engaged in the manufacture of healthy foods such as nuts, trail mixes and dried fruits. *Id.* Yilmaz is alleged to be a shareholder and/or principal of Terrafina and FGL. *Id.* ¶ 8.

In addition to Terrafina, FGL, and Yilmaz, the Complaint also names three other defendants: Frunut Global Commodities, LLC ("Fruntul Commodities"), Kenan Izci ("Izci"), and James Locke ("Locke"). Fruntul Commodities is a Pennsylvania corporation also alleged to be an alter-ego/successor to Terrafina and to be engaged in the manufacture of healthy foods such as nuts, trail mixes, and dried fruits. *Id.* ¶ 6. Izci is alleged to be a shareholder and/or principal of Terrafina and also a shareholder and/or principal of Fruntul Commodities. *Id.* ¶¶ 5, 6. Locke, as well, is alleged to be a shareholder and/or principal of both Terrafina and Fruntul Commodities. Id. ¶¶ 4, 6. Yilmaz, in addition to being a shareholder and/or principle of Terrafina and FGL, is also alleged to be a shareholder and/or principal of Fruntul Commodities. *Id.* ¶ 6.

The Amended Complaint alleges causes of action for breach of contract, account stated, quantum meruit, unjust enrichment, and promissory estoppel against Terrafina.

The Amended Complaint also alleges violations of the NYDCL §§ 273, 274 and 276 against FGL, Fruntul Commodities, Yilmaz, Izci, and Locke. In particular, those claims allege

that in or about October 2019, Terrafina transferred funds and merchandise to FGL and Fruntul Commodities without receiving reasonable equivalent value and without any evident corporate purpose, resulting in Terrafina having unreasonably small capital and thereby constituting a fraud against Sesa.  *Id.* ¶¶ 43-44.  The Amended Complaint alleges that the transfers were made at a time when Terrafina, Yilmaz, Izci, and Locke, knew that Terrafina was in default of its payment obligations, *id.* ¶ 45, and that FGL and Fruntul Commodities are still in possession of the funds constituting such transfers, *id.* ¶ 46.  The Amended Complaint further alleges that the transfers of funds and merchandise were made at a time when Terrafina was insolvent, or it became insolvent as a result of the transfer, and that the transfers were made intentionally and without consideration in order to defraud Terrafina's creditors and with the actual intent to hinder, delay, and/or defraud Sesa from recovering the monies due to it.  *Id.* ¶¶ 49, 51, 53, 57. Plaintiff also seeks attorneys' fees pursuant to NYDCL § 276-a and to have the transfers set aside and a levy or attachment be placed on them in accordance with NYDCL § 278.

Plaintiff brings the NYDCL claims against FGL, Fruntul Commodities, Yilmaz, Locke, and Izci under a theory of alter ego.  It asserts that Terrafina, FGL, and Fruntul Commodities are all owned and/or controlled by Yilmaz, Izci, and Locke, *id.* ¶ 62; that they share common employees, telephone numbers and computers, *id.* ¶ 63; that they intermingle their assets and liabilities, and treat each other as one and the same, *id.* ¶ 64; that there is a continuity of ownership and management, personnel, and general business operations between and among them, *id.* ¶ 66; and that Yilmaz, Izci, and Locke have exercised complete domination and control over the three companies and have used them to commit a fraud against Sesa by transferring assets with the intent to defraud Sesa, *id.* ¶ 68.

## PROCEDURAL HISTORY

Plaintiff filed its complaint on February 12, 2020.  Dkt. No. 1.[1]  On June 24, 2020, the

Moving Defendants filed their motion to dismiss.  Dkt. No. 18.  Plaintiff opposed the motion and

filed a cross-motion to amend its complaint, and the Moving Defendants replied and opposed the

cross-motion to amend.  Dkt. Nos. 24, 25, 26, 27, 28.

On September 21, 2020, the Court issued an order granting the motion to amend and

denying the motion to dismiss as moot.  Dkt. No. 29.  The Court directed that Plaintiff file an

amended complaint within two days of the date of that order and that Moving Defendants file a

letter on ECF within 20 days of the date of service of the amended complaint indicating whether

they intended to stand on their original motion or file a new motion to dismiss.  The Court also

stayed all discovery.  *Id.*  On September 23, 2020, Plaintiff filed the Amended Complaint.  Dkt.

No. 30.  By letter of October 1, 2020, the Moving Defendants informed of their intent to stand on

their original motion to dismiss and reply memorandum.  Dkt. No. 31 (citing Dkt. Nos. 18, 26).

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

"Determining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense."  *Id.* at 679.  Put another way, the plausibility requirement "calls for enough fact

---

[1] On June 23, 2020, Plaintiff moved for entry of a default as to Terrafina, which has not appeared
in the action.  Dkt No. 17.  That motion is still pending.

to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."
*Twombly*, 550 U.S. at 556; *accord Matrixx v. Siracusano*, 563 U.S. 27, 46 (2011).  However, although the Court must accept all the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The ultimate issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 235-36 (1974)); *see also DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) ("In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.") (internal quotation marks and citation omitted).

"The scope of what a court may consider on a motion to dismiss is limited.  When deciding a motion to dismiss, 'a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies.'"  *Gonzalez v. City of New York*, 2018 WL 10323053, at *3 (S.D.N.Y. Dec. 18, 2018) (quoting *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013)).  Thus, when an affidavit does not fall within these limited categories, the Court may properly disregard it.  *Gonzalez*, 2018 WL 10323053, at *4.

## DISCUSSION

The Moving Defendants assert that the Amended Complaint does not allege a claim for alter ego liability against them.  They also suggest that the Amended Complaint does not allege a claim against them under the NYDCL.

In support of their motion, the Moving Defendants submit the declaration of Yilmaz. Dkt. No. 18-1.  Yilmaz declares that he is the sole member, manager, and officer of FGL.  *Id.*

¶ 1.  He was a 10% shareholder of Fruntul Commodities from November 2010 until December 2017 when he surrendered his interest in Fruntul Commodities to start his own company, FGL. *Id.* ¶ 3.  He was also employed by Fruntul Commodities from November 2010 through mid-January 2019, and his departure was prompted by a desire to spend more time growing his own business in FGL.  *Id.* ¶ 4.  Yilmaz declares that neither Locke nor Izci have ever been a member, manger, or director of FGL, that there is no continuity of ownership, sharing of profits/losses, joint accounting, or use of the same employees or personnel of FGL with the other entities, and that he has always operated FGL as an independent entity with all earnings accruing to him alone.  *Id.* ¶ 5.  He claims never to have been a member or manager of Terrafina and never to have been involved in or transacted business with Sesa, except for resolving certain logistical delivery matters of Sesa products in 2015 and 2016.  *Id.* ¶¶ 3, 6.  Specifically, he claims that he was unaware of any claim for unpaid invoices owed to Sesa by Terrrafina and that he never received or sold product packaged by Sesa.  *Id.* ¶ 6.

As a threshold matter, Plaintiff's attempt "to pierce the corporate veil does not constitute a cause of action independent" of the NYDCL claims brought against the Moving Defendants. *CF 135 Flat LLC v. Triadou SPY S.A.*, 2016 WL 5945933, at *12 (S.D.N.Y. June 21, 2016) (quoting *Morris v. New York State Dep't of Taxation & Fin.*, 623 N.E.2d 1157, 1160 (1993)); *see also Ferro Fabricators, Inc. v. 1807-1811 Park Ave. Dev. Corp.*, 11 N.Y.S.3d 548, 550 (1st Dep't. 2015) ("[A]lter-ego liability is not an independent cause of action.").  Instead, it is "an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners."  *Morris*, 623 N.E.2d at 1160.

Under New York law, the corporate veil may be pierced and an individual or another corporation may be held liable for the corporation's obligations upon a finding that "(1) the

owner exercised such control that the corporation has become a mere instrumentality of the owner, who is the real actor; (2) the owner used this control to commit a fraud or 'other wrong'; and (3) the fraud or wrong results in an unjust loss or injury to the plaintiff." *In re Vebeliunas*, 332 F.3d 85, 91-92 (2d Cir. 2003); *see also Freeman v. Complex Consulting Co., Inc.*, 119 F.3d 1044, 1053 (2d Cir. 1997). Where veil-piercing claims sound in fraud, such as through the fraudulent conveyance claims against the Moving Defendants here, a plaintiff must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b); otherwise, the notice-pleading standard of Fed. R. Civ. P. 8 applies. *See Qingdao Tangbo Garments Co. v. PRG Nouveau, LLC*, 2020 WL 1435218, at *7 (S.D.N.Y. Mar. 24, 2020) (citing *Baby Phat Holding Co., LLC v. Kellwood Co.*, 997 N.Y.S.2d 67, 70 (1st Dep't. 2014)); *accord United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 223 (S.D.N.Y. 2002) (Lynch, J.); *see also In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 442 (S.D.N.Y. 2019) ("Actual or constructive fraudulent conveyance claims must satisfy Rule 9(b).").

To determine whether the first element of control is met, courts consider the following factors: (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms' length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities. *See, e.g.*, *Freeman*, 119 F.3d at 1053; *accord N.Y. State Elec. and Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 224 (2d Cir. 2014). The analysis is heavily fact-intensive. *See, e.g.*, *Smoothline Ltd. v. N. Am. Foreign Trading Corp.*, 2002 WL 31885795,

at *9-10 (S.D.N.Y. Dec. 27, 2002).  Further, the relevant "factors are not exhaustive, nor is proof of any one factor or a combination of factors necessarily determinative.  Rather, a finding that a [defendant] is an alter ego of another entity is warranted when doing so will achieve an equitable result."  *Alterseekers, Inc.* v. *BrandForce SF, LLC*, 2015 WL 5719759, at *6 (E.D.N.Y. Sept. 29, 2015) (citing *William Wrigley Jr. Co. v. Waters*, 890 F.3d 594, 601 (2d Cir. 1989)).  However, "[w]hile complete domination is the key to piercing the corporate veil . . . such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required."  *Freeman*, 119 F.3d at 1053 (quoting *Morris*, 623 N.E.2d at 1161).

The Amended Complaint satisfies those standards with respect to FCL.[2]  Accepting the Amended Complaint's allegations as true and drawing all reasonable inferences in Plaintiff's favor, it adequately alleges that FCL is an alter ego of Terrafina.  It alleges that Terrafina and FGL shared common employees, telephone numbers and computers with the other two companies they controlled, AC ¶ 63; intermingled their assets and liabilities, and treated each other as one and the same, *id.* ¶ 64; and maintained a commonality and continuity of ownership and management, personnel, and general business operations between the three entities, *id.* ¶ 66.

The Amended Complaint also sufficiently alleges that FGL (as well as Fruntul Commodities)—through Yilmaz, Locke, and Izci—used Terrafina to commit a fraud that resulted in injury to Plaintiff.  It alleges that they perpetrated a fraud on Plaintiff: Yilmaz, Locke and Izci caused Terrafina to take on an obligation and then used their domination and control to transfer the assets that would be necessary to satisfy that obligation to FGL, which they controlled and managed, for no consideration—even though Terrafina was insolvent or would be

---

[2] The Court limits its analysis to the sufficiency of the claims against FGL and Yilmaz as those are the only moving parties.

rendered insolvent—in order to prevent Terrafina from being able to satisfy the obligation.  The

Amended Complaint alleges this fraud was effected in or about October 2019 when Terrafina

made various transfers of funds and merchandise to FGL, and thereafter Terrafina had

insufficient funds to pay Plaintiff the amount owed on the contract.  *Id.* ¶ 43.

With respect to Yilmaz, however, the Amended Complaint does not "assert specific facts

showing that the [individual defendant] w[as] doing business in [his] individual capacit[y]

without regard to corporate formalities."  *United Feature Syndicate*, 216 F. Supp. 2d at 224.  The

only allegations with respect to Yilmaz is that he and the other individual defendants

"intermingled their assets and liabilities" with Terrafina, FGL, and Fruntul Commodities and

"treat[ed] each other as one and the same," *id.* ¶ 64, and that the companies were "all owned

and/or controlled by" Yilmaz, Locke, and Izci, *id.* ¶ 62.  Those allegations are not sufficient to

warrant piercing the corporate veil at this stage.  *See, e.g.*, *United Feature Syndicate*, 216 F.

Supp. 2d at 224; *SungChang Interfashion Co. v. Stone Mountain Accessories, Inc.*, 2013 WL

5366373, at *11 (S.D.N.Y. Sept. 25, 2013) ("[A] plaintiff must do more than conclusorily state

that the shareholder or officer exercises domination and control over the corporation. Rather, a

plaintiff must allege specific facts showing that the shareholder or officer is doing business in his

or her individual capacity without regard to corporate formality.").[3]

The Moving Defendants do not seriously dispute that the allegations of the Amended

Complaint, if accepted as true, state a claim for relief.  They rely instead on the Yilmaz

declaration.  *See* Dkt. No. 18-1.  As noted above, that declaration makes the point that Yilmaz

---

[3] However, if discovery should reveal facts that support a theory of alter ego liability against
Yilmaz, the Court may entertain a motion to amend the complaint to reinstate the claims against
him.  *See Medtech Prod. Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 799 n.16 (S.D.N.Y. 2008); *see
also Bruckman v. Greene Cty.*, 2020 WL 886126, at *6 (N.D.N.Y. Feb. 24, 2020); *Randall v.
Beckson Indus. Prod., Inc.*, 2008 WL 11381480, at *1 (D. Conn. Oct. 14, 2008).

was only ever an employee and minority owner of Terrafina and was not involved in the transaction with Sesa and that FGL is owned and operated independently from Terrafina.  If true, those assertions would go far to disposing of Plaintiff's Amended Complaint and may indeed be dispositive of the Amended Complaint.  But the Amended Complaint alleges the contrary and Plaintiff is right that at this stage the Court must credit the well-pleaded allegations of the Amended Complaint, as opposed to factual assertions in opposition that have not yet been tested and subjected to discovery and deposition.  Plaintiff has pled enough to earn a right to discovery—to try to test those propositions and disprove them.

## CONCLUSION

For the reasons stated, the motion to dismiss is GRANTED IN PART and DENIED IN PART.  The claims against Yilmaz are dismissed without prejudice.

The parties are directed to appear at a telephonic conference on November 17, 2020 at 2:00 p.m. by dialing 888-251-2909, Access Code 2123101, and following the necessary prompts.  By November 12, 2020, the parties are directed to submit a revised Case Management Plan and Scheduling Order for the conclusion of the case.

The Clerk of Court is respectfully directed to close Dkt. No. 31.

SO ORDERED.

Dated: October 30, 2020
     New York, New York              LEWIS J. LIMAN
                                    United States District Judge