UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                             :

SESA, INC.,                                    :

                       Plaintiff,          :

                                             :           20-cv-1265 (LJL)

            -v-                          :

                                           :               ORDER

TERRAFINA, LLC, FRUNUT GLOBAL      :
COMMODITIES, LLC, FRUNUT GLOBAL, LLC,  :
JAMES LOCKE, KENAN IZCI, and ENGIN YILMAZ,  :

                         :

                    Defendants.        :

                                             :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/17/2021__

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Sesa, Inc. ("Sesa") brought the instant action against Defendants Terrafina, LLC

("Terrafina"), Frunut Global, LLC ("FGL"), Frunut Global Commodities, LLC, James Locke,

Kenan Izci, and Engin Yilmaz ("Yilmaz"), alleging claims of breach of contract, account stated,

quantum meruit, unjust enrichment, promissory estoppel, and violations of the New York Debtor

and Creditor Law ("NYDCL").

      FGL and Yilmaz have appeared in the action, but the remaining Defendants have not

despite being served.[1]  Dkt. No. 16.  Plaintiff and FGL are currently proceeding through

discovery and have also been referred to Magistrate Judge Parker for settlement purposes.

      At the May 13, 2020 status conference, Plaintiff indicated its intent to file a motion for

---

[1] By Opinion and Order dated October 30, 2020, the Court dismissed Yilmaz as a defendant from the action because it held that the allegations in the amended complaint "were not sufficient to warrant piercing the corporate veil at this stage." Dkt. No. 34 at 9.  It dismissed the claims against Yilmaz without prejudice, however, stating that "if discovery should reveal facts that support a theory of alter ego liability against Yilmaz, the Court may entertain a motion to amend the complaint to reinstate the claims against him."  *Id.* at 9 n.3.

default judgment against Terrafina.  The Court ordered Plaintiff to notify all non-appearing Defendants, including Terrafina, of that intent.  Dkt. No. 13.  On June 23, 2020, Plaintiff moved, pursuant to Federal Rule of Civil Procedure 55, for an entry of a default judgment against Terrafina.  Dkt. No. 17.

Pursuant to the Court's authority under Federal Rule of Civil Procedure 55(b), the Court has examined Plaintiff's motion for default judgment, Dkt. No. 17, and the complaint, Dkt. No. 1.[2]  The Court is satisfied that the allegations of the complaint—if taken as true—would establish liability as to Terrafina.  Because Terrafina has failed to appear in this action despite having been served, it is hereby ORDERED that a default judgment is entered in favor of Plaintiff Sesa against Defendant Terrafina as to liability on Plaintiff's claims of breach of contract, account stated, quantum meruit, unjust enrichment, promissory estoppel, and violations of the NYDCL.  The Court reserves judgment on damages for a later stage.

The Clerk of Court is respectfully directed to close Dkt. No. 17 but not to close the action.

SO ORDERED.

Dated: March 17, 2021
       New York, New York

_____
            LEWIS J. LIMAN
       United States District Judge

---

[2] The complaint was amended on September 23, 2020, Dkt. No. 30, after Plaintiff filed the instant motion for default judgment against Terrafina, but it was amended only to include "copies of invoices being sued upon and referenced in the complaint," which were "inadvertently omitted from its initial complaint," and to "amplify and clarify the liability and acts of misconduct of" Defendant Frunut Global Commodities, LLC.  Dkt. No. 28-3.