```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/25/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
SESA, Inc.,                                                       :
:
                    Plaintiff,                                    :
:                     20-cv-1265 (LJL)
        -v-                                                       :
:                         ORDER
TERRAFINA, LLC, et al.                                            :
:
                    Defendants.                                   :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

   Plaintiff Sesa, Inc. ("Sesa") brought the instant action against Defendants James Locke and Kenan Izci, among other defendants, claiming—against Locke and Izci—fraudulent conveyance in violation of New York Debtor & Creditor Law Section 274 as well as alter ego, successors, and/or *de facto* merger liability.

   On October 15, 2021, the Clerk entered a certificate of default as to Defendant Locke. Dkt. No. 71.  On the same day, the Clerk entered a certificate of default as to Defendant Izci. Dkt. No. 70.  On November 1, 2021, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55(b)(2) for an entry of a default judgment against Defendants Locke and Izci.  Dkt. No. 73.  The Court held a hearing on the motion for default judgment on July 11, 2021, and Defendants Locke and Izci did not appear.

   Pursuant to the Court's authority under Federal Rule of Civil Procedure 55, the Court has examined the Plaintiff's motion for default judgment, Dkt. No. 73, and the Complaint, Dkt. No. 30.  For the same reasons set forth in the Court's opinion on individual defendant Yilmaz's motion to dismiss, the Court is not satisfied that the allegations of the complaint, taken as true, establish alter ego liability for individual defendants Locke and Izci.  *See* Dkt. No. 34 at 9 ("With

respect to Yilmaz, however, the Amended Complaint does not 'assert specific facts showing that the individual defendant was doing business in his individual capacity without regard to corporate formalities.'" (alterations adopted) (quoting *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 224 (S.D.N.Y. 2002) (Lynch, J.))).  Because the alter ego claim fails, and because the complaint does not allege any fraudulent conveyances to Locke and Izci directly, but rather just to the corporate entities, the claim under N.Y.D.C.L § 274 fails as well.  See *SungChang Interfashion Co., Ltd. v. Stone Mountain Accessories, Inc.*, 2013 WL 5366373, at * (S.D.N.Y. Sept. 25, 2013) (stating that "[i]t is well-settled that New York does not recognize 'a creditor's remedy for money damages against parties who . . . were neither transferees of the assets nor beneficiaries of the conveyance'" and holding that, with regard to individual defendants who did not fall into such categories, where the complaint did not support an alter ego theory of liability and piercing the corporate veil, the fraudulent conveyance claims must be dismissed (quoting *Roselink Investors, L.L.C. v. Shenkman*, 386 F. Supp. 2d 209, 226 (S.D.N.Y. 2004))); see also *Paradigm BioDevices, Inc. v. Viscogliosi Bros., LLC*, 842 F. Supp. 2d 661, 667 (S.D.N.Y. 2012) ("The proper remedy in a fraudulent conveyance claim is the nullification of the transfer by returning the property at issue back to the transferor.  . . .  A fraudulent conveyance action 'does not create an independent remedy of money damages against third parties who aided the debtor's transfer at all.'" (quoting *Geren v. Quantum Chem. Corp.*, 832 F. Supp. 728, 737 (S.D.N.Y. 1993))).

  For these reasons, the motion for a default judgment against Locke and Izci is DENIED.

  Because the complaint as pleaded fails to state a claim, the Court is prepared *sua sponte* to dismiss the complaint as against defendants Locke and Izci and to refer the case for an inquest

on damages with respect to the default judgments previously entered, unless plaintiff files an amended complaint within thirty days from the entry of this Order.

The Clerk of Court is respectfully directed to close Dkt. No. 73.

SO ORDERED.

Dated: July 25, 2022
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge